PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  1:18CR331-4 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DEONDRE VAUGHN, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving  ECF No. 812] |

Pending before the Court is Defendant Deondre Vaughn's Motion for Compassionate Release re First Step Act of 2018 (COVID-19).  ECF No. 812.  Having reviewed the written submissions, underlying record, and applicable law, the Court denies Defendant's Motion.

### I. Procedural History

Defendant Deondre Vaughn filed a *pro se* request for compassionate release on August 26, 2021.  ECF No. 812.  The Court appointed counsel on August 31, 2021.  On November 11, 2021, the Court issued ECF No. 847 ordering Defendant's counsel to file a supplemental motion to Defendant's Motion or risk waiving the opportunity to do so.  At ECF No. 849, Defendant's appointed counsel indicated that he would not be filing a supplement to Defendant's motion.  On February 1, 2022, the United States responded to Defendant's *pro se* motion.[1]  ECF No. 857. The Court will resolve the motion on the filings currently before it.

---

[1] On March 16, 2022, the Court received a letter from Defendant, in which Defendant indicated that he had discussions with his attorney about filing a supplement.  ECF No. 857.

(1:18CR331-4)

## II. Background

On December 18, 2018, Defendant Deondre Vaughn pleaded guilty to conspiring to distribute and possession with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), b(1)(B), 846. The Court sentenced Defendant to 90 months followed by four years of supervised release on May 21, 2019. Defendant is currently 39 years old and is serving his sentence at FCI Manchester.[2]

Defendant brings this motion asking the Court to grant his compassionate release on the grounds that he has extraordinary and compelling reasons for release due to COVID-19. The Government argues that Defendant's vaccination status forecloses any compelling reasons for release. The § 3553(a) factors also counsel strongly against release.

## III. Analysis

"Title 18 U.S.C. § 3582(c)(1)(A) allows courts, when 'warrant[ed]' by 'extraordinary and compelling reasons[,]' to reduce an incarcerated person's sentence." *United States v. McCall*, 20 F.4th 1108, 1111 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1104 (6th Cir. 2020). "This is known as 'compassionate release,' and although it has existed since 1984, courts 'rarely considered' motions until 2018 because [before then] 'a court [could] grant relief *only*' "

---

[2] Defendant's anticipated release date is November 17, 2024. *See Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited Nov. 4, 2022). FCI Manchester is a medium security federal correctional institution, with an adjacent minimum security satellite camp. FCI Manchester currently houses 1,102 total inmates. *See FCI Manchester*, https://www.bop.gov/locations/institutions/man/ (last visited Nov. 4, 2022). As of November 4, 2022, there are no confirmed active case of COVID-19 at FCI Manchester. No inmates or staff have died and 452 inmates and 246 staff at FCI Manchester have recovered from COVID-19. *See COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Nov. 4, 2022). Currently, 1,055 inmates and 123 staff members in at FCI Manchester have been vaccinated for COVID-19. *Id*.

(1:18CR331-4)

on a motion by the Federal Bureau of Prisons ("BOP").  *Id*. (quoting *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020)).  "In 2018, the First Step Act revised § 3582, allowing incarcerated persons to file motions for compassionate release in federal court without BOP approval after either exhausting the BOP's administrative process, or waiting at least thirty days for a response from their warden.  *Id*. (citing *Jones*, 980 F.3d at 1105).  "This procedural change, paired with COVID-19's devastating surge through our nation's prisons, has caused a sharp increase in both filings and grants of compassionate-release motions."  *Id*. (citing *Jones*, 980 F.3d at 1105).

Typically, "[a] court may grant compassionate release when it finds three requirements are satisfied."  *Id*.  "First, the court must 'find[ ]' that 'extraordinary and compelling reasons warrant' a sentence reduction."  *Id*. (citing *Jones*, 980 F.3d at 1107–08).  "Second, the court must 'find[ ]' that 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'"[3]  *Id*. (citing *Jones*, 980 F.3d at 1108).  Currently, section 1B.13 of the United States Sentencing Guideline ("USSG") "is not an 'applicable' policy statement in cases which incarcerated persons file their own motions in district court for compassionate release," so district courts "may skip step two of the § 3582(c)(1)(A) inquiry."  *United States v. Pegram*, 843

---

[3] At the time of this writing, the United States Sentencing Commission is fully staffed, after a long hiatus, and is currently considering modifications to outdated § 1B1.13. *See Jones*, 980 F.3d at 1109 (explaining that "the Commission has not updated §1B1.13 since the First Step Act's passage in December 2018" and ruling that "[u]ntil the Sentencing Commission updates section 1B1.13 to reflect the First Step Act, district courts have full discretion . . . to determine whether an "extraordinary and compelling" reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion."); U.S. Sentencing Commission to Implement First Step Act with Focus on Compassionate Release, United States Sentencing Commission (Oct. 28, 2022), https://www.ussc.gov/about/news/press-releases/october-28-2022.

(1:18CR331-4)

F. App'x 762, 764 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1101, 1111). "Third, the court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *McCall*, 20 F.4th at 1111 (citing *Jones*, 980 F.3d at 1108). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Owens*, 996 F.3d 755, 759 (6th Cir. 2021) (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

## A. Exhaustion

A criminal defendant is permitted to file a motion for compassionate release only after "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).  Warden Gilley denied Defendant's request for compassionate release on July 8, 2021. ECF No. 812-1 at PageID #: 7163.  This request for compassionate release came after the expiration of the mentioned 30-day period.  Therefore, Defendant has exhausted his administrative rights in this case.

## B. Extraordinary and Compelling Reasons

The Court has full discretion "to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones*, 980 F.3d at 1109.  Defendant attached various documents alleging a conspiracy to deny access to his commissary account.  ECF No. 812 at PageID #: 7187–94.  Defendant also alleges that the prison violated his rights under the Fifth Amendment and Eighth Amendment.

4

(1:18CR331-4)

ECF No. 812 at PageID #: 7171–78.  Even when construed liberally, these assertions do not

establish an extraordinary or compelling reason for release and would be best addressed in a

separate civil proceeding, rather than in a claim for relief pursuant to § 3582(c)(1)(A).[4]

       Defendant also alleges that the lockdown conditions at FCI Manchester have exacerbated

his anxiety and other mental health conditions, have caused Defendant to gain weight, and have

resulted in his physical inactivity.  ECF No. 812 at PageID #: 7172, 7178.  Although an

increased risk of COVID-19 is a portion of the extraordinary and compelling reasons analysis,

the presence of a medical diagnosis that leads to an increased risk of severe illness does not

automatically constitute an extraordinary and compelling reason for release.  When determining

whether extraordinary and compelling reasons for release exist, the Court may look to guidance

from the CDC.  *See Elias*, 984 F.3d at 521.  The current CDC guidance notes that severe mental

health concerns, weight gain, and physical inactivity are conditions that can cause severe cases of

COVID-19.  *See COVID-19, People with Certain Medical Conditions,*

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

conditions.html (last visited Nov. 4, 2022.  Even so, "medically managed serious health

conditions, paired with a generalized fear of COVID-19, [fall] short of 'extraordinary and

---

[4] **Error! Main Document Only.***See United States v. Allard*, No. 5:00-110-DCR, 2022 WL 11859598, at *2 (E.D. Ky. Oct. 20, 2022) (citing *United States v. Myers*, No. 2: 17-cr-117, 2021 WL 4812536, at *1 n.1 (E.D. Tenn. Oct. 14, 2021) ("The defendant also raises arguments pertaining to his conditions of confinement.  Such claims might be cognizable, *see, e.g.*, *Estelle v. Gamble*, 429 U.S. 97 (1976), but they should be presented in a civil lawsuit in the prisoner's district of confinement after the exhaustion of administrative remedies."); *United States v. Quijada-Castillo*, No. 3:19-cr-20, 2021 WL 1930710, at *4 (W.D. Ky. May 13, 2021) ("Redress for perceived cruel and unusual punishment is not properly sought under the First Step Act's compassionate release provision, as the statute does not contemplate a reduction in sentence or release to compensate for past governmental actions.")).

5

(1:18CR331-4)

compelling reasons' justifying compassionate release." *United States v. Huffaker*, No. 3:16-CR-100, 2020 WL 5995499, at *3 (E.D. Tenn. Oct. 9, 2020) (citing *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020)).  Based on the facts alleged by Defendant, there is no evidence to suggest that the BOP is not effectively managing his health conditions.

Additionally, the Court finds that Defendant is unable to establish extraordinary and compelling reasons because his access to the COVID-19 vaccine and vaccinated status make the contraction of COVID-19 less likely and less dangerous if contracted.  Under the guidance given by *Traylor* and *Lemons*, a defendant's vaccination status seriously abates any compelling reason for release related to COVID-19.  *See United States v. Traylor*, 16 F.4th 485 (6th Cir. 2021); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021).  In this case, Defendant is fully vaccinated,[5] seriously abating any compelling reason for release due to COVID-19 concerns.  *See United States v. Traylor*, 16 F.4th 485 (6th Cir. 2021); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021).  Therefore, Defendant has not shown any extraordinary or compelling reasons for release.

Furthermore, considering the current COVID-19 statistics at FCI Manchester[6], the fear of COVID-19 is assuaged by the fact that the case number for inmates is currently at zero, and there is a substantial number of inmates and staff vaccinated.  Considering all these factors, the Court does not find that Defendant has demonstrated an extraordinary or compelling reason for release.  Under *Elias*, the Court can deny compassionate release motions when it finds any of the factors missing, without having to analyze the others.  *See United States v. Elias*, 984 F.3d 516, 519 (6th

---

[5] Defendant has received two doses of the Moderna COVID-19 vaccine.  *See* ECF No. 857-1 at PageID #: 7386.

[6] *See supra* note 1.

(1:18CR331-4)

Cir. 2021).  Given that the Court has found that there is no extraordinary or compelling reason here, it does not need to necessarily engage in further analysis.

### C.  18 U.S.C. § 3553(a) Factors

Regardless of whether Defendant's health conditions constitute an extraordinary and compelling reason for release, the section 3553(a) factors strongly counsel against Defendant receiving a reduction in sentence.  In accord with 18 U.S.C. § 3553(a), the Court must analyze "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as what the Sixth Circuit has summarized as "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law."  *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020).

The relevant factors in the case at bar are sections 3553(a)(1), 3553(a)(2)(A), a(2)(B), and a(2)(C).  Under section 3553(a)(1), the Court must consider the nature and circumstances of the offense and history and characteristics of the defendant.  Defendant was convicted as a member of a multi-defendant drug trafficking organization conspiracy, and this strongly disfavors sentence reduction.  As a part of this conspiracy, Defendant distributed dangerous drugs including cocaine, heroin, fentanyl, and fentanyl analogs to other co-defendants.  Regarding section 3553(a)(2)(B), the Court must consider if the sentence affords adequate deterrence to criminal conduct.  The seriousness of Defendant's crime causes the Court to eschew reduction, because the sentence imposed adequately deters at its current length and a reduction would diminish that deterrence, both specific and general.  When analyzing section 3553(a)(2)(C), the Court must consider if the sentence protects the public from further crimes of the defendant.  Defendant in this case has a lengthy criminal history, with prior convictions for assault, drug possession and trafficking, domestic violence, and rape.  Releasing him early would

7

(1:18CR331-4)

pose an unacceptable risk of danger not only to the community at large, but also to those he may be close with.  *See e.g.*, *United States v. Lebron*, 492 F. Supp. 3d 737, 741 (N.D. Ohio 2020), *aff'd*, 850 F. App'x 383 (6th Cir. 2021) (relying on Defendant's violent convictions to determine if he would pose a threat to the public).  Therefore, the balance of the 3553(a) factors strongly disfavors any sentence reduction.[7]

Additionally, when imposing a sentence, the Court's task is to "impose a sentence sufficient, but not greater than necessary, to comply with purposes of the statutory sentencing scheme."  *United States v. Presley*, 547 F.3d 625, 630-31 (6th Cir. 2008).  Early release is not warranted because Defendant still has over two years remaining on his sentence and there is no indication that FCI Manchester is in the midst of a COVID-19 outbreak.  *United States v. Harris*, No. 4:18 CR 115, 2020 WL 4462256, at *3 (N.D. Ohio Aug. 4, 2020) (acknowledging that the 18 U.S.C. § 3553(a) factors generally "favor release when a high-risk defendant being held in a prison experiencing a severe COVID-19 outbreak has less than a year of their sentence remaining").  Consequently, any departure from the sentence the Court previously imposed would render said sentence insufficient.

---

[7] The Court also incorporates the analysis of the 3553(a) factors that the Court indicated at sentencing.

8

(1:18CR331-4)

### IV. Conclusion

Finding that Defendant's Motion does not satisfy the requisite factors for compassionate release, the Court denies Defendant's Motion for Compassionate Release (ECF No. 812) on the merits.


IT IS SO ORDERED.


| | |
|---|---|
| November 4, 2022 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

9